**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ENVIRONMENTAL DEFENSE FUND, 1875 Connecticut Avenue, N.W., Suite 600 Washington, D.C. 20009, | No. |
| Plaintiff, | |
| v. | **COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |
| UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, 1200 Pennsylvania Ave., NW, Washington, D.C. 20460, | |
| Defendant. | |

## INTRODUCTION

1.      This action seeks to address the U.S. Environmental Protection Agency's ("EPA's" or the "agency's") violation of the Freedom of Information Act ("FOIA"). *See* 5 U.S.C. § 552. The Environmental Defense Fund ("EDF") challenges EPA's unlawful redactions of public records requested under FOIA. EDF appealed the redactions administratively, but EPA failed to issue a decision on the appeal. EDF has thereby exhausted its administrative remedies and now seeks relief from this Court.

2.      In June 2017, it was widely reported that EPA was considering a red team/blue team exercise to reevaluate climate science. *See, e.g.*, Emily Holden, *Pruitt Will Launch Program to 'Critique' Climate Science*, E&E News (June 30, 2017), https://www.eenews.net/stories/1060056858; Brad Plumer & Carol Davenport, *E.P.A. To Give Dissents a Voice on Climate, No Matter the Consensus*, N.Y. Times (June 30, 2017), https://www.nytimes.com/2017/06/30/climate/scott-pruitt-climate-change-red-team.html. The exercise would have staged a debate between one team assigned to defend the scientific consensus that climate change poses an urgent threat, and another team assigned to refute that

position. *See* Scott Waldman, *'Red Teams' Gain Prominence to Question Climate Science*, E&E News (June 29, 2017), https://www.eenews.net/climatewire/2017/06/29/stories/1060056782. Concerned that EPA was planning the red team/blue team exercise without public input and would not utilize a transparent, rigorous, and scientifically sound approach, EDF submitted a FOIA request to EPA on August 1, 2017, to increase public information about the exercise (attached as Exhibit A). EPA issued its "final response" to EDF's FOIA request on September 27, 2018, noting that EDF "may appeal this response" within "90 calendar days from the date of this letter" (attached as Exhibit B).

3.      On December 24, 2018, EDF submitted a timely appeal to challenge certain redactions that EPA had implemented. Although EPA made extensive redactions throughout the production, EDF's appeal selectively challenged redactions within just four of the responsive records. All of the challenged redactions were labeled "Ex[emption] 5," which applies to certain documents that are "inter-agency or intra-agency memorandums or letters." 5 U.S.C. § 552(b)(5). But Exemption 5 cannot apply to the redacted material, which appears to be correspondence between EPA staff and two individuals who did not at the time work for EPA or any other federal agency: Dr. William Happer and Dr. Steven Koonin. When the relevant correspondence occurred, Dr. Happer was a Princeton professor and co-founder of the $CO_2$ Coalition, which supports increased carbon dioxide levels. *See, e.g.*, *The $CO_2$ Coalition [Frequently Asked Questions]*, https://co2coalition.org/frequently-asked-questions/#1465245604826-64586917-ba84 (last visited July 21, 2019) ("More carbon dioxide levels will help everyone."). Dr. Koonin was a New York University professor who first gave prominence to the idea of a red team/blue team exercise for climate science. *See* Steven Koonin, Op-Ed, *A 'Red Team' Exercise Would Strengthen Climate Science*, Wall Street Journal (Apr. 20, 2017), https://www.wsj.com/articles/a-red-team-exercise-would-strengthen-climate-science-1492728579.

4.      Information exchanged between EPA and Drs. Happer and Koonin bears directly on EPA's operations and activities and is of urgent public interest. The redacted communications

would shed light on how the agency interacted with external stakeholders when evaluating the critical issue of climate change.

5.     EPA faced a statutory deadline of twenty working days to respond to EDF's appeal, 5 U.S.C. § 552(a)(6)(A)(ii), making the agency's response deadline January 24, 2019. Yet EPA never issued any determination on EDF's appeal and has continued to withhold the records to which EDF is legally entitled, inhibiting EDF's ability to disseminate important, accurate information on environmental policy to the public.

6.     Accordingly, EDF seeks declaratory and injunctive relief from this Court to compel EPA to release the improperly redacted information.

## JURISDICTION AND VENUE

7.     The Court has both subject matter jurisdiction over this action and personal jurisdiction over the parties to this action pursuant to 5 U.S.C. § 552(a)(4)(B). FOIA vests the district court of the United States in the district in which the complainant resides, or has its principal place of business, or in which the agency records are situated, or in the District of Columbia, with the jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant. *Id.* § 552(a)(4)(B). Additionally, this Court has jurisdiction under 28 U.S.C. § 1331 (federal question).

8.     Venue is similarly proper in this judicial district pursuant to FOIA. 5 U.S.C. § 552(a)(4)(B).

## PARTIES

9.     Plaintiff ENVIRONMENTAL DEFENSE FUND is a 501(c)(3) nonprofit organization. EDF is one of the largest environmental organizations in the United States, with more than 2 million members and supporters and a staff of over 700 employees that includes scientists, economists, lawyers, and policy experts. EDF is committed to addressing environmental issues with a multidisciplinary approach and to finding practical solutions to today's environmental problems. EDF has offices across the United States, including in Washington, D.C., and internationally.

10.     EDF frequently utilizes FOIA requests to obtain information central to its environmental mission. Information obtained via FOIA requests can be crucial to developing practical environmental solutions and informed responses to federal agency activities. Additionally, EDF distributes information obtained through FOIA to its members and the public through its website, newsletter, email updates, blog posts, action alerts, and other outreach efforts. The dissemination of this information can assist the public in understanding and making informed decisions about environmental issues.

11.     EDF has long been involved in advocating for a robust response to climate change from the federal government, which involves evaluating EPA's policies and activities regarding climate science. EDF submitted the FOIA request and subsequent appeal detailed in paragraphs 2 and 3 pursuant to this objective.

12.     EDF is injured by EPA's failure to release the information to which EDF is entitled under FOIA, *id.* § 552(a)(6)(A)(ii). *See Zivotofsky v. Sec'y of State*, 444 F.3d 614, 617-18 (D.C. Cir. 2006). The requested relief will remedy this injury.

13.     Defendant UNITED STATES ENVIRONMENTAL PROTECTION AGENCY is a federal agency within the scope of 5 U.S.C. § 551(1) and is subject to FOIA pursuant to 5 U.S.C. § 552(a), (f). EPA is responsible for making a determination with respect to EDF's appeal and releasing the records to which EDF is legally entitled.

## LEGAL BACKGROUND

14.     FOIA provides that an agency shall make a determination on any appeal of an adverse FOIA determination within 20 working days after receipt of such appeal. 5 U.S.C. § 552(a)(6)(A)(ii). Additionally, EPA's FOIA regulations state that determinations on appeals will be made in writing "normally within 20 working days." 40 C.F.R. § 2.104(k).

15.     In "unusual circumstances," as defined at 5 U.S.C. § 552(a)(6)(B), the agency may extend the 20-day response deadline. To do so, the agency must provide written notice to the requesting party, which includes a description of the unusual circumstances necessitating the

extension and the date when the party can expect to receive the determination. 5 U.S.C. §
552(a)(6)(B)(i). The new date shall not exceed an extension of ten working days. *Id.*

16.     In order to challenge a FOIA determination in district court, the requester must
exhaust administrative remedies. *Hidalgo v. Fed. Bureau of Investigation*, 344 F.3d 1256, 1258-
59 (D.C. Cir. 2003). With respect to FOIA appeals, the requester has exhausted administrative
remedies if the agency does not respond within the statutory timeframe. *See Oglesby v. U.S.
Dept. of Army*, 920 F.2d 57, 65-66 (D.C. Cir. 1990) ("Following his administrative appeals, or if
the agencies do not respond within twenty days of the appeal, the appellant will be deemed to
have fully exhausted his administrative remedies and may bring suit.").

17.     Where the agency has failed to respond to an appeal within the required
timeframe, the reviewing court will evaluate the substantive issues raised by the requester in the
administrative appeal. *See, e.g.*, *Competitive Enterprise Inst. v. U.S. Envtl. Prot. Agency*, 232 F.
Supp. 3d 172, 182-184 (D.D.C. 2017) (finding that EPA failed to make a timely response to
plaintiff's appeal and proceeding to evaluate plaintiff's challenges to EPA's redactions).

18.     FOIA Exemption 5 protects "inter-agency or intra-agency" materials that, by law,
would not be available to a party in litigation with the agency. 5 U.S.C. § 552(b)(5). To qualify
for Exemption 5 protection, a record must meet two conditions: "its source must be a
Government agency, and it must fall within the ambit of a privilege against discovery under
judicial standards that would govern litigation against the agency that holds it." *Dep't of the
Interior v. Klamath Water Users Protective Ass'n*, 532 U.S. 1, 8 (2001). The agency bears the
burden of demonstrating that Exemption 5 applies to the records at issue. 5 U.S.C. §
552(a)(4)(B).

## FACTUAL BACKGROUND

19.     In June 2017, it was reported that then-EPA Administrator Scott Pruitt was
planning a red team/blue team exercise to reevaluate climate science. *See* Emily Holden, *Pruitt
Will Launch Program to 'Critique' Climate Science*, E&E News (June 30, 2017),
https://www.eenews.net/stories/1060056858. This planned exercise threatened to usurp the

rigorous peer-review process that the federal government's climate science studies have traditionally undergone. *See* Scott Waldman, *'Red Teams' Gain Prominence to Question Climate Science*, E&E News (June 29, 2017),

https://www.eenews.net/climatewire/2017/06/29/stories/1060056782.

20.     In light of this troubling EPA initiative, on August 1, 2017, EDF filed a FOIA request seeking records about the red team/blue team exercise contained within the communications of 23 listed EPA employees. Ex. A, at 1-2. EPA assigned the request the tracking number EPA-HQ-2017-010055. EPA initially denied EDF's request for a fee waiver with respect to this FOIA request but reversed that determination on November 8, 2017, following EDF's administrative appeal.

21.     On June 15, 2018, EPA directed EDF to 1,217 pages of material released in response to FOIA requests by EDF and others.

22.     On September 27, 2018, EDF received the final response to its FOIA request from EPA (attached as Exhibit B), stating that the previously released 1,217 pages constituted the final production. The final response letter stated that portions of the documents had been redacted, and that EDF could appeal the agency's response within 90 calendar days. Ex. B, at 1.

23.     On December 24, 2018, EDF filed a timely appeal (attached as Exhibit C) challenging the Exemption 5 redactions that EPA applied to four records of the production. Ex. C, at 1-2. Specifically, EDF challenged the redactions of EPA communications with Drs. William Happer and Steven Koonin. Ex. C, at 2-4. EDF argued that these redactions do not meet the requirements for Exemption 5 because they consist of communications between EPA officials and private individuals who did not work for EPA or any other federal agency. The records were therefore not "inter-agency or intra-agency" materials. *Id.*; *see also* 5 U.S.C. § 552(b)(5). EPA assigned the appeal the tracking number EPA-HQ-2019-002470.

24.     At the time of the relevant correspondence, Dr. Happer was a Professor of Physics at Princeton University and a co-founder of the $CO_2$ Coalition, which argues that additional $CO_2$ in the atmosphere will produce net benefits. *See* $CO_2$ Coalition, *William Happer, PhD*, *About the*

*Founder*, https://co2coalition.org/members/william-happer-phd/ (last visited July 21, 2019); CO$_2$

Coalition, *The CO$_2$ Coalition [Frequently Asked Questions]*, https://co2coalition.org/frequently-

asked-questions/#1465245604826-64586917-ba84 (last visited July 21, 2019).

25.     At the time of the relevant correspondence, Dr. Koonin was a Professor of

Physics at New York University ("NYU") and founding director at NYU's Center for Urban

Science and Progress. *See* NYU Arts & Sciences, *Steven E. Koonin*,

https://as.nyu.edu/content/nyu-as/as/faculty/steven-koonin.html (last visited July 21, 2019); NYU

Center for Urban Science + Progress, *Steve Koonin*, https://cusp.nyu.edu/profiles/steve-koonin/

(last visited July 21, 2019). Dr. Koonin is a vocal critic of the scientific consensus on climate

change. *See, e.g.*, Steven E. Koonin, *Climate Science Is Not Settled*, The Wall Street Journal

(Sept. 19, 2014), https://www.wsj.com/articles/climate-science-is-not-settled-1411143565.

26.     Based on the publicly available information, neither Dr. Happer nor Dr. Koonin

was an employee or consultant at EPA or another agency at the time the redacted

communications were made.

27.     On December 27, 2018, an EPA Government Information Specialist confirmed

receipt of the appeal via email to Benjamin Levitan of EDF.

28.     On January 24, 2019, EPA's statutory deadline for issuing a determination on

EDF's appeal lapsed. At no point did EPA claim "unusual circumstances," which might have

granted the agency ten additional working days.

29.     On February 1, 2019, Mr. Levitan received an email from EPA's Temporary

Assistant General Counsel for FOIA Litigation & Special Projects stating that the federal

government shutdown had delayed processing of the appeal and that the assigned attorney should

be in contact the following week to provide an estimated schedule for completion. EDF was not

contacted by EPA the following week.

30.     On February 25, 2019, Lance Bowman of EDF emailed the Government

Information Specialist and Temporary Assistant General Counsel requesting an update on the

appeal. The Temporary Assistant General Counsel responded that she had assigned the appeal to

an Attorney-Advisor, who then emailed Mr. Bowman to state that she would provide a status update by the end of the week. EPA did not provide a status update by the end of the week.

31.     On March 4, 2019, Mr. Bowman emailed to request an update from the Attorney-Advisor, who replied that she would provide an update early the following week. EPA did not provide an update early the following week.

32.     On March 13, 2019, Mr. Bowman emailed to request an update from the Attorney-Advisor, who replied on March 15, 2019, that her evaluation of the materials was "partially completed," that she "hope[d] to finish evaluating the records by the end of next week," and that she would then "provide another status update next week."

33.     The Attorney-Advisor emailed Mr. Bowman on March 25, 2019, informing him that her review was complete and that she was drafting the appeal determination. In the same email, she also stated that she sought to complete the draft determination by March 29, 2019, "at which point it will go through the internal review process." She further stated that she would provide another update by the beginning of the next week.

34.     On April 4, 2019, the Attorney-Advisor emailed Mr. Bowman stating that the appeal determination would be completed that day and then routed through the approval process. She further stated that she would "request an estimated completion date to provide to" EDF.

35.     On April 8, 2019, Mr. Bowman telephoned to discuss the approval process with the Attorney-Advisor, who informed him that a separate EPA official has final approval authority over all FOIA appeal determinations. Once a determination is approved by that official, it is given to an Assistant General Counsel for signature and then uploaded to EPA's "FOIAonline" platform. The Attorney-Advisor indicated that she expected to receive a timeline of review shortly and thought it possible that the appeal determination would be finalized by the end of that week.

36.     On April 12, 2019, Mr. Bowman called the Attorney-Advisor, who stated that she was working to incorporate feedback she had received on the determination and expected to finish that night. She noted that she would be on leave the following week, and, since only she

could process and upload the determination following final approval, she expected to upload the final determination on April 22, 2019.

37.     On April 26, 2019, Mr. Bowman attempted to reach the Attorney-Advisor by telephone and left a voicemail.

38.     On April 30, 2019, Mr. Bowman telephoned the Attorney-Advisor, who stated that she was still working to incorporate feedback and that she expected the determination would be ready for release on May 6, 2019, or soon thereafter.

39.     On May 15, 2019, Mr. Bowman attempted to reach the Attorney-Advisor by telephone and left a voicemail.

40.     On May 17, 2019, Mr. Bowman attempted to reach the Attorney-Advisor by telephone and left a voicemail.

41.     On May 22, 2019, Mr. Bowman and Mr. Levitan attempted to reach the Attorney-Advisor by telephone and left a voicemail. Mr. Bowman followed up that day with an email.

42.     On May 24, 2019, the Assistant General Counsel emailed Mr. Bowman stating that the Attorney-Advisor had forwarded Mr. Bowman's email inquiry about the appeal and that "[y]our appeal is still under consideration at this time."

43.     As of this filing, EDF has not received any additional information from EPA concerning the status of the appeal.

44.     It has been approximately two years since EDF submitted its FOIA request and approximately seven months since EPA confirmed receipt of EDF's appeal. While it once appeared that EPA was in the final stages of issuing a determination on EDF's appeal, the agency has recently failed to provide any information about when it will do so. EPA has continued to deprive EDF of the public records to which EDF is legally entitled.

**CLAIM FOR RELIEF**
**VIOLATION OF THE FREEDOM OF INFORMATION ACT**

45.     EDF incorporates all the preceding paragraphs by reference.

46. Under FOIA, EDF has a statutory right to obtain all non-exempt records responsive to its request. *See* 5 U.S.C. § 552(a)(4)(A).

47. Pursuant to FOIA, EDF filed an administrative appeal challenging EPA's unlawful utilization of FOIA Exemption 5 for records that were not "inter-agency or intra-agency" materials. *Id.* § 552(b)(5).

48. EPA was required to determine within 20 working days of receiving EDF's appeal whether to sustain or reverse the redactions that EDF challenged. *See id.* § 552(a)(6)(A)(ii).

49. EPA failed to issue a determination on EDF's appeal within 20 working days, or at any time thereafter, and continues to violate EDF's right to obtain the requested records.

50. EDF has exhausted its administrative remedies for this matter. *See id.* § 552(a)(6)(C).

51. Unless enjoined by this Court, EPA will continue to violate EDF's legal right to obtain the redacted portions of the responsive records.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

(1) Declare that Defendant's utilization of FOIA Exemption 5 in the records at issue was unlawful under FOIA, *id.* § 552(b)(5);

(2) Order Defendant to immediately release the records at issue without the Exemption 5 redactions;

(3) Retain jurisdiction over this action to rule on any future assertions by EPA that the records are exempt from disclosure;

(4) Award EDF its reasonable attorney fees and other litigation costs pursuant to 5 U.S.C. § 552(a)(4)(E)(i); and

(5) Grant such further relief that the Court may deem just and proper.

Respectfully submitted this 25th day of July 2019.

/s/ Benjamin Michael Levitan
BENJAMIN MICHAEL LEVITAN (NY0253)
Environmental Defense Fund
1875 Connecticut Avenue, N.W., Suite 600
Washington, D.C. 20009
Telephone: (202) 572-3318
Email: blevitan@edf.org

*Counsel for Plaintiff Environmental Defense Fund*